DMOT

## IN THE CIRCUIT COURT FOR PRINCE GEORGES COUNTY, MARYLAND

CANDACE E. ALSTON
10012 Cedarhollow Ln
Largo, MD 20774

       Plaintiff,

v.

                         Civil Action No.: CAL2r-05840

EXPERIAN INFORMATION SOLUTIONS, INC.
Serve: Corporation Trust Incorporated, Registered Agent
       2405 York Road, Suite 201
       Lutherville Timonium, MD 21093

       Defendant.

### COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, **CANDACE E. ALSTON**, who brings this Complaint against the Defendant, she alleges as follows:

### PRELIMINARY STATEMENT

1.     This action is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). This action concerns violations of the FCRA by a Defendant, credit repair agency, that reported inaccurate and derogatory information. When the consumer disputed the reporting of derogatory information by the Defendant, it verified the false information in violation of the FCRA. Plaintiff tried in vain to have the account corrected. Defendant refused to correct its errors.

### PARTIES TO THIS ACTION

2.     Plaintiff is a natural person who resides in the state of Maryland. At all times relevant he was a "consumer" as defined by 15 U.S.C. §1681a(c).

3.     Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the state of Maryland through its registered offices in Baltimore City.

1

4.   Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f).  Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

5.   Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

6.   Within the past two years, the Defendants have reported inaccurate information regarding four tradelines appearing on all three of the Plaintiff's credit reports.

7.   Fulton Bank, fka Columbia Bank, is the source of information for the 3 tradelines.

8.   The Fulton Bank tradelines are 3 mortgage loans that Plaintiff opened in 2017.

9.   The three mortgage accounts are refinance loans for properties owned by Plaintiff.

10.   TowneBank, fka Monarch Bank, is the source of information for the fourth tradeline.

11.   The TowneBank tradeline is a mortgage loan for a property purchased in 2010.

### *Fulton Bank Mortgage Tradelines*

12.   Experian inaccurately reported that Plaintiff made no payment on her Fulton Bank mortgage tradelines over several months.

13.   Experian's reporting that Plaintiff made no payment in some months was patently inaccurate because she made her monthly payment in full with no past due owed for those month.

14.   Experian's reporting that Plaintiff made no payment in other months was inaccurate and/or misleading because she made payments that were a little short of the full payment.

15.   Further, Plaintiff's payment was a little short because Fulton Bank changed the monthly payment amount without advising Plaintiff of the change and at the time that Plaintiff's payment was made, Fulton Bank led her to believe that she was paying the full amount due.

16. Experian also inaccurately reported the balance on Plaintiff's accounts.

17. Experian's reporting was patently inaccurate on one account because the reported balance was *more* than the loan amount and there was no reported arears.

18. Additionally, Experian misleading reported no payments for a few months without reporting mitigating circumstances that demonstrated that the lack of payment for those months was no due to financial irresponsibility of the Plaintiff.

19. Plaintiff sent numerous dispute letters that informed Experian of the inaccuracies and requested that the errors be corrected or that the disputed information be deleted. A number of Plaintiff's dispute were supported by documentation that clearly established the information Experian was reporting was inaccurate. Experian did not review and consider Plaintiff's dispute letter and supporting documentation. Instead, Experian forward notice of Plaintiff's dispute to Fulton Bank and waited to parrot the results of Fulton Bank's investigation results.

20. Experian failed to forward notice of an accurate portrayal of Plaintiff's dispute. Instead, of accurately conveying Plaintiff's dispute, Experian misstated and/or mischaracterized Plaintiff's dispute and misled Fulton Bank as to the true nature of Plaintiff's dispute.

21. Experian prepared and published multiple consumer reports about Plaintiff that contained the inaccurate, derogatory Fulton Bank tradelines.

22. Plaintiff lost time, energy and money engaging in a several years long dispute process to have the inaccurate Fulton Bank tradelines removed from her report. Plaintiff was unable to obtain credit due to Experian's reporting of the inaccurate Fulton Bank tradeline. As a consequence of being unable to obtain credit, Plaintiff was depressed and suffered mental and emotional distress.

### *Dovenmuehle/TowneBank Mortgage Tradeline*

23. Experian inaccurately reported that Plaintiff was seriously delinquent on an open mortgage loan with a substantial balance owing to Dovenmuehle/TowneBank.

3

24. Experian's reporting was inaccurate because the mortgage loan was paid in full, closed and was not delinquent.

25. Plaintiff sent a dispute letter that informed Experian of the inaccuracies and requested that the errors be corrected or that the disputed information be deleted.

26. Experian did not conduct a reasonable investigation of Plaintiff's dispute and failed to correct the errors.

27. Experian failed to forward notice of an accurate portrayal of Plaintiff's dispute to Dovenmuehle/TowneBank.

28. Experian prepared and published a report containing the inaccurate information within the Dovenmuehle/TowneBank tradeline.

29. As a consequence of Experian's defamation, she had to refrain from seeking credit. Plaintiff was frustrated with Experian's misfeasance and suffered mental and emotional distress.

## COUNT ONE: VIOLATION OF 15 U.S.C. §1681e(b)

30. Plaintiff incorporates paragraphs 1 through 29.

31. Section 1681e(b) mandates that Experian attempt to report consumer information with *the maximum possible accuracy.* In other words, the Defendant's reporting must be more than just accurate, it must be done to perfection and without any inaccuracies.

32. Experian published information concerning the Fulton Bank tradeline that should have never been reported to Plaintiff's credit report. For instance, Experian reported a balance that was higher than the original amount while reporting no past due balance.

33. Further, Experian does not consider information from sources other than the furnisher for the tradeline. Exclusive reliance on one source of information does not assure the reporting of maximum accurate information because information from other sources that may alert Experian to the fact that the information being reported is not accurate is not considered.

4

34.     Additionally, Equifax treats unproven lenders, such as Dovenmuele/TowneBank and Fulton Bank, the same as more proven, seasoned and established financial institutions, such as Bank of American or JPMorgan Chase Bank. Treating Fulton Bank and TowneBank the same as more proven entities is not a reasonable procedure because Experian does not have proof that they are as reliable sources of information.

35.     Also, Experian has of problem of occasionally reporting information in a manner that is inconsistent from the information it received from the furnisher. Despite knowing that its procedures occasionally result in such inaccuracies, Experian has not taken any action to correct it.

36.     Within two years of filing this action, Experian furnished Plaintiff's credit report(s) to third parties, including but not limited to creditors and potential creditors.

37.     Based on the foregoing, the Defendant violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained for Plaintiff.

38.     As a result of Defendant's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: pecuniary expenses, loss of credit opportunity, damages to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

39.     The violations by Defendant was willful, rendering the Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

40.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF 15 U.S.C. §1681i(a)

41.     Plaintiff incorporates paragraphs 1 through 40.

42.    Section 1681i(a)(1) mandates that a credit reporting agency investigate a consumer's dispute and report the results of the reinvestigation.

43.    Section 1681i(a)(2)(A) mandates that a credit reporting agency provide notice of the consumer's dispute to the furnisher of the disputed information.

44.    Section 1681i(a)(4)(A) relates to section 1681i(a)(1) and mandates that the credit reporting agency review and consider all the relevant information provided by the consumer during the credit reporting agency's investigation.

45.    Section 1681i(a)(5)(A) mandates that a credit reporting agency delete or modify the disputed information that has been found to be inaccurate or incomplete or unverifiable.

46.    The Defendant has virtually no policies, practices or procedures to investigate a consumer's dispute, much less review and consider the relevant information provided by the consumer as a part of the Defendant's investigation.

47.    Because the Defendant *never* reviews and considers the consumer's dispute, the New York Attorney General ("NYAG") sued the Defendant for, among other things, not employing a process that requires the consumer's "Supporting Dispute Documentation shall be reviewed by an agent of the credit reporting ageency with discretion to make a determination whether to make the change requested by the consumer on the basis of the Supporting Dispute Documentation." NYAG Settlement Agreement, page 23, §8.

48.    Despite the NYAG Settlement Agreement, the Defendant *still* does not consider and review *any* of the information in a consumer's dispute. Because the Defendant *never* conducts an investigation of a consumer's dispute, the Defendants feel no need to review and consider the consumer's dispute.

49.    Although the Defendant is required to *both* investigate the consumer dispute pursuant to section 1681i(a)(1) and forward notice of the dispute to the furnisher pursuant to section

6

1681i(a)(2), the Defendant's policies, practices and procedures are designed only to attempt compliance with section 1681i(a)(2).

50.     Despite the plain language of section 1681i(a)(1)'s language to conduct a reinvestigation, the Defendant's policies, practices and procedures is to rely on the furnisher's response as the Defendants own reinvestigation.

51.     Making matters worse, the Defendant does not require that the furnisher(s) perform a reasonable investigation of the consumer's dispute. In fact, the Defendant is fully aware that the furnisher(s) regularly perform superficial reviews *instead* of reasonable investigations. Like the credit reporting agencies, the furnishers do not consider and review the consumer's dispute when responding to a consumer dispute. The only information a furnisher considers when receiving a notice of dispute from a credit reporting agency is the ACDV. Despite knowing the furnisher's do not consider the consumer's dispute and supporting documentation, the Defendant relies on the furnisher's response as satisfaction of their obligation to *investigate* the dispute under § 1681i(a)(1).

52.     Upon information and belief, the Defendant is not even in full compliance with section 1681i(a)(2) because the Defendant fails to accurately portray or convey the consumer's dispute in the ACDV. Although the Defendant *may* attach the consumer's dispute letter to the ACDV, the Defendant knows the furnisher does not review the consumer's dispute letter and investigates the dispute based on the codes and remarks in the ACDV. Further, the Defendant often fails to forward <u>all</u> relevant information and often fails to provide the information within the time periods required under the statute.

53.     Because the Defendant almost *never* conducts an investigation to determine the disputed information is accurate or complete, the Defendant *never* obtains evidence to establish or confirm the accuracy of the disputed information as required by section 1681i(a)(5)(A).

7

54.     Defendant Experian's failure to properly review Plaintiff's dispute and conduct a reasonable investigation that resulted in proper treatment of the disputed information was in violation of 15 U.S.C. §§ 1681i(a)(1),(4)&(5).

55.     Defendant Experian's failure to properly process Plaintiff's dispute, including the failure to forward an accurate portrayal of Plaintiff's dispute to the furnishers was in violation of 15 U.S.C. § 1681i(a)(2).

56.     As a result of Defendant Experian's violations of 15 U.S.C. §§ 1681i(a)(1)-(5), Plaintiff suffered actual damages, including but not limited to: out-of-pocket and/or pecuniary costs, loss of credit opportunity, damage to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

57.     The violations by Defendant were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles her to recovery under 15 U.S.C. § 1681o.

58.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT THREE: VIOLATIONS OF 15 U.S.C. §1681g(a)

59.     On two occasions, Defendant Experian failed to disclose Plaintiff's credit file and/or credit report upon request from the Plaintiff.

60.     More specifically, in August and November of 2020, Plaintiff requested her credit report from Experian, but the Defendant did not provide Plaintiff with her report.

61.     Defendant Experian violated 15 U.S.C. § 1681g(a) by failing to disclose all information in the Plaintiff's credit files after receiving a request from Plaintiff for her credit file.

62.     Plaintiff suffered anxiety and frustration as result of Defendant Experian's failure to provide Plaintiff with her credit report.

63.   Defendant's violations were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

63.   Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendant Equifax Information Solutions, Inc.; for her fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

TRIAL BY JURY IS DEMANDED.

Dated: May 17, 2021

Respectfully submitted,

Candace E. Alston
10012 Cedarhollow Ln
Largo, MD 20774
Tel: (240) 432-0927
E-mail: calston83@comcast.net

*Pro Se Plaintiff*

9