UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**CANDACE E. ALSTON**

    Plaintiff,

v.                                                                      Civil Action No.: 8:21-cv-02053-TDC

**EXPERIAN INFO. SOLS., INC.,**

    Defendant.

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

COMES NOW the Plaintiff, **CANDACE E. ALSTON**, who brings this Complaint against each of the Defendants, he alleges as follows:

**PRELIMINARY STATEMENT**

1.    This action is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). This action concerns violations of the FCRA by credit reporting agency, Experian, wihch reported inaccurate and derogatory information regarding the Plaintiff to the credit world. When the cPlaintiff disputed the reporting of Experian's derogatory and inaccurate information, it verified the false information in violation of the FCRA. The Plaintiff tried in vain to have her report corrected but Experian refused to correct its errors.

**PARTIES TO THIS ACTION**

2.    Plaintiff is a natural person who resides in the state of Maryland. At all times relevant he was a "consumer" as defined by 15 U.S.C. §1681a(c).

3.    Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, LLC ("Experian") is a corporation authorized to do business in the state of Maryland through its registered offices in Baltimore City.

1

4. Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f).  Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

5. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

6. Within the past two years, the Defendant has reported inaccurate information regarding four tradelines appearing on all three of the Plaintiff's credit reports.

7. Fulton Bankis the source of information for 3 of the tradelines.

8. The Fulton Bank tradelines are 3 mortgage loans that Plaintiff opened in 2017.

9. The three mortgage accounts are refinance loans for properties owned by Plaintiff.

10. TowneBank is the source of information for the fourth tradeline.

11. The TowneBank tradeline is a mortgage loan for a property purchased in 2010.

### *Fulton Bank Mortgage Tradelines*

12. Experian inaccurately reported that Plaintiff made no payment on her Fulton Bank mortgage tradelines over several months.

13. Experian's reporting that Plaintiff made no payment in some months was patently inaccurate because she *timely* made her monthly payments in full and there was no past due owed for those month.

14. In other months, Experian reported no payment was made, that Fulton Bank did not receive a payment for that month and that a large past due balance was owed.

15. This reporting was inaccurate because Plaintiff did make a payment, Fulton Bank received the payment during the current month and the payment left a very small past due balance.

16. Further, the small past due balance was due to Fulton Bank's actions. Specifically, Fulton Bank increased the monthly payment amount without advising Plaintiff of the change and when Plaintiff visited the bank to make the payment, Fulton Bank told her to pay an amount that was lesser than the increased monthly payment leading her to believe that she was paying the full amount due.

17. Fulton Bank's failure to report that the past due balance was a result of Fulton Bank's actions and was not a reflection of any financial irresponsibility on the Plaintiff's part, was incomplete and misleadingly in that the reporting made it appear that Plaintiff was a fault.

18. Experian also inaccurately reported the balance on Plaintiff's accounts.

19. Experian's reporting was patently inaccurate on one account because the reported balance was *more* than the loan amount and there was no reported arears.

20. Additionally, Experian misleadingly reported no payments for a few months without reporting mitigating circumstances that demonstrated that the lack of payment for those months was not due to financial irresponsibility of the Plaintiff.

21. Plaintiff sent numerous dispute letters that informed Experian of the inaccuracies and requested that the errors be corrected or that the disputed information be deleted. A number of Plaintiff's dispute were supported by documentation that clearly established the information Experian was reporting was inaccurate. Experian did not review and consider Plaintiff's dispute letter and supporting documentation. Instead, Experian forward notice of Plaintiff's dispute to Fulton Bank and waited to parrot the results of Fulton Bank's investigation results.

22. Experian failed to forward notice of an accurate portrayal of Plaintiff's dispute. Instead, of accurately conveying Plaintiff's dispute, Experian misstated and/or mischaracterized Plaintiff's dispute and misled Fulton Bank as to the true nature of Plaintiff's dispute.

23. After receiving notice of Plaintiff's dispute from Experian, Fulton Bank performed a superficial investigation that failed to correct errors that a reasonable investigation would have uncovered.

24. Experian knew or should have known Fulton Bank's investigation was not adequate because Experian mischaracterized Plaintiff's dispute in the ACDV it sent to Fulton Bank and Experian knows that Fulton Bank strictly relies on the information within the ACDV and does not read the consumer's dispute letter.

25. Despite knowing Fulton Bank's dispute results were unreliable, Experian accepted Fulton Bank's instructions without conducting any review of the accuracy or completeness of Fulton Bank's dispute results.

26. Fulton Bank also instructed Experian to report that debts were not being disputed by the Plaintiff. Despite receiving numerous disputes regarding the Fulton Bank debts and knowing that Plaintiff disagreed with Fulton Bank's dispute results, and continued to dispute the information in the tradelines, Experian accepted and parroted Fulton Bank's false reporting of the dispute status.

27. Experian prepared and published multiple consumer reports about Plaintiff that contained the inaccurate, derogatory Fulton Bank tradelines.

28. Plaintiff lost time, energy and money engaging in a several years long dispute process to have the inaccurate Fulton Bank tradelines removed from her report. Plaintiff was unable to obtain credit due to Experian's reporting of the inaccurate Fulton Bank tradeline. As a consequence of being unable to obtain credit, Plaintiff was depressed and suffered mental and emotional distress.

*Dovenmuehle/TowneBank Mortgage Tradeline*

29. Experian inaccurately reported that Plaintiff was seriously delinquent on an open mortgage loan with a substantial balance owing to Dovenmuehle/TowneBank.

30. Experian's reporting was inaccurate because the mortgage loan was paid in full, closed and was not delinquent.

31. Dovenmuehle/TowneBank states that it requested all three of the credit reporting agencies—Equifax, Experian and Trans Union—to delete the tradeline.

32. Equifax and Trans Union deleted the Dovenmuehle/TowneBank tradeline from Plaintiff's credit reports.

33. Experian did not delete the Dovenmuehle/TownBank tradeline and continued to report the debt as open in a delinquent status with a substantial balance.

34. Plaintiff sent a dispute letter that informed Experian of the inaccuracies and requested that the errors be corrected or that the disputed information be deleted.

35. Experian did not conduct a reasonable investigation of Plaintiff's dispute and failed to correct the errors.

36. Experian failed to forward notice of an accurate portrayal of Plaintiff's dispute to Dovenmuehle/TowneBank.

37. After receiving notice of Plaintiff's dispute from Experian, TowneBank performed a superficial investigation that failed to catch obvious errors and instructed Experian to report the debt as open with a large balance due and in a seriously delinquent status.

38. Experian accepted TowneBank's instructions without conducting any review of the accuracy or completeness of TowneBank's reporting.

39. TowneBank also instructed Experian that the dispute had been resolved and that there was no longer a dispute. Experian accepted and parroted TowneBank's false reporting of the dispute status despite knowing, or recklessly ignoring, that Plaintiff continued to dispute the tradeline.

40. Experian prepared and published at least one report containing the inaccurate information within the Dovenmuehle/TowneBank tradeline.

5

41. As a consequence of Experian's defamation, she had to refrain from seeking credit. Plaintiff was frustrated with Experian's misfeasance and suffered mental and emotional distress.

## COUNT ONE: VIOLATION OF 15 U.S.C. §1681e(b)

42. Plaintiff incorporates paragraphs 1 through 41.

43. Section 1681e(b) mandates that Experian attempt to report consumer information with *the maximum possible accuracy*. In other words, the Defendant's reporting must be more than just accurate, it must be done to perfection and without any inaccuracies.

44. Experian published information concerning the Fulton Bank tradeline that should have never been reported to Plaintiff's credit report. For instance, Experian reported a balance that was higher than the original amount while reporting no past due balance. Another example is that Experian reported the Fulton Bank and TowneBank tradelines as not under dispute when Experian knew that Plaintiff disputed the tradelines.

45. Experian has no procedures or has woefully inadequate procedures to assure that disputed debts are reported in the correct dispute status.

46. Further, Experian does not consider information from sources other than the furnisher for the tradeline. Exclusive reliance on one source of information does not assure the reporting of maximum accurate information because information from other sources that may alert Experian to the fact that the information being reported is not accurate is not considered.

47. Additionally, in some situations Experian will even ignore or has inadequate procedures to consider the information it receives from furnishers who seek to update their reporting.

48. Continuing, Experian treats unproven lenders, such as Dovenmuele/TowneBank and Fulton Bank, the same as more proven, seasoned and established financial institutions, such as Bank of American or JPMorgan Chase Bank. Treating Fulton Bank and TowneBank the same as more

proven entities is not a reasonable procedure because Experian does not have proof that they are as reliable sources of information.

49. Also, Experian has a problem of occasionally reporting information in a manner that is inconsistent from the information it received from the furnisher. Despite knowing that its procedures occasionally result in such inaccuracies, Experian has not taken any action to correct it.

50. Within two years of filing this action, Experian furnished Plaintiff's credit report(s) to third parties, including but not limited to creditors and potential creditors.

51. Based on the foregoing, the Defendant violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained for Plaintiff.

52. As a result of Defendant's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: pecuniary expenses, loss of credit opportunity, damages to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

53. The violations by Defendant were willful, rendering the Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

54. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF 15 U.S.C. §1681i(a)

55. Plaintiff incorporates paragraphs 1 through 54.

56. Section 1681i(a)(1) mandates that a credit reporting agency investigate a consumer's dispute and report the results of the reinvestigation.

57. Section 1681i(a)(2)(A) mandates that a credit reporting agency provide notice of the consumer's dispute to the furnisher of the disputed information.

58. Section 1681i(a)(4)(A) relates to section 1681i(a)(1) and mandates that the credit reporting agency review and consider all the relevant information provided by the consumer during the credit reporting agency's investigation.

59. Section 1681i(a)(5)(A) mandates that a credit reporting agency delete or modify the disputed information that has been found to be inaccurate or incomplete or unverifiable.

60. The Defendant has virtually no policies, practices or procedures to investigate a consumer's dispute, much less review and consider the relevant information provided by the consumer as a part of the Defendant's investigation.

61. Because the Defendant *never* reviews and considers the consumer's dispute, the New York Attorney General ("NYAG") sued the Defendant for, among other things, not employing a process that requires the consumer's "Supporting Dispute Documentation shall be reviewed by an agent of the credit reporting ageency with discretion to make a determination whether to make the change requested by the consumer on the basis of the Supporting Dispute Documentation." NYAG Settlement Agreement, page 23, §8.

62. Despite the NYAG Settlement Agreement, the Defendant *still* does not consider and review *any* of the information in a consumer's dispute. Because the Defendant *never* conducts an investigation of a consumer's dispute, the Defendants feel no need to review and consider the consumer's dispute.

63. Although the Defendant is required to *both* investigate the consumer dispute pursuant to section 1681i(a)(1) and forward notice of the dispute to the furnisher pursuant to section 1681i(a)(2), the Defendant's policies, practices and procedures are designed only to attempt compliance with section 1681i(a)(2).

8

64. Despite the plain language of section 1681i(a)(1)'s language to conduct a reinvestigation, the Defendant's policies, practices and procedures is to rely on the furnisher's response as the Defendants own reinvestigation.

65. Making matters worse, the Defendant does not require that the furnisher(s) perform a reasonable investigation of the consumer's dispute. In fact, the Defendant is fully aware that the furnisher(s) regularly perform superficial reviews *instead* of reasonable investigations. Like the credit reporting agencies, the furnishers do not consider and review the consumer's dispute when responding to a consumer dispute. The only information a furnisher considers when receiving a notice of dispute from a credit reporting agency is the ACDV. Despite knowing the furnisher's do not consider the consumer's dispute and supporting documentation, the Defendant relies on the furnisher's response as satisfaction of their obligation to *investigate* the dispute under § 1681i(a)(1).

66. Upon information and belief, the Defendant is not even in full compliance with section 1681i(a)(2) because the Defendant fails to accurately portray or convey the consumer's dispute in the ACDV. Although the Defendant *may* attach the consumer's dispute letter to the ACDV, the Defendant knows the furnisher does not review the consumer's dispute letter and investigates the dispute based on the codes and remarks in the ACDV. Further, the Defendant often fails to forward <u>all</u> relevant information and often fails to provide the information within the time periods required under the statute.

67. Because the Defendant almost *never* conducts an investigation to determine the disputed information is accurate or complete, the Defendant *never* obtains evidence to establish or confirm the accuracy of the disputed information as required by section 1681i(a)(5)(A).

68. Defendant Experian's failure to properly review Plaintiff's dispute and conduct a reasonable investigation that resulted in proper treatment of the disputed information was in violation of 15 U.S.C. §§ 1681i(a)(1),(4)&(5).

9

69. Defendant Experian's failure to properly process Plaintiff's dispute, including the failure to forward an accurate portrayal of Plaintiff's dispute to the furnishers was in violation of 15 U.S.C. § 1681i(a)(2).

70. As a result of Defendant Experian's violations of 15 U.S.C. §§ 1681i(a)(1)-(5), Plaintiff suffered actual damages, including but not limited to: out-of-pocket and/or pecuniary costs, loss of credit opportunity, damage to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

71. The violations by Defendant were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles her to recovery under 15 U.S.C. § 1681o.

72. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT THREE: VIOLATIONS OF 15 U.S.C. §1681g(a)**

73. On two occasions, Defendant Experian failed to disclose Plaintiff's credit file and/or credit report upon request from the Plaintiff.

74. More specifically, in August and November of 2020, Plaintiff requested her credit report from Experian, but the Defendant did not provide Plaintiff with her report.

75. Defendant Experian violated 15 U.S.C. § 1681g(a) by failing to disclose all information in the Plaintiff's credit files after receiving a request from Plaintiff for her credit file.

76. Plaintiff sought her credit file or credit report to determine whether Experian corrected her credit file or credit report.

77. Experian's failure to provide Plaintiff's credit file or credit report caused Plaintiff to be frustrated in her efforts correct her credit file or credit report.

78. Plaintiff suffered anxiety and frustration as result of Defendant Experian's failure to provide Plaintiff with her credit report.

79. Plaintiff became upset, anxious and slightly depressed because she was being blocked from receiving information in her credit file or report that she needed to fix errors that Experian should have already corrected.

80. Defendant's violations were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

81. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendant Experian Information Solutions, Inc.; for her fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

TRIAL BY JURY IS DEMANDED.

Dated: December 29, 2021

        Respectfully submitted,

        CANDACE ALSTON

        */s/ Jeffery W. Styles*
        Jeffery W. Styles, Esq.
        Washington Legal Group, LLC
        1666 K Street, NW, Ste 440
        Washington, D.C. 20006
        Tel: (202) 503-1708
        E-mail: talston@washlegal.com

        *Counsel for Plaintiff*